JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT SCHOELZEL

## DEFENDANTS
ASBESTOS DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

*EDL* E-filing
*ADR*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☒ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 371 Truth in Lending | Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| of Veteran's Benefits | Liability | ☐ 380 Other Personal | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | Property Damage | | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | **LABOR** | ☐ 863 DIWC/DIWW | ☐ 875 Customer Challenge |
| ☐ 195 Contract Product Liability | Product Liability | Product Liability | ☐ 710 Fair Labor | (405(g)) | 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | | Standards Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | Sentence | Reporting & | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ | **Habeas Corpus:** | Disclosure Act | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party | ☐ 895 Freedom of |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | 26 USC 7609 | Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | Employment | Other | Security Act | | Determination Under |
| | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | | | Equal Access to Justice |
| | Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | | | State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. § 1442(a)(1) (GOVERNMENT CONTRACTOR IMMUNITY-ACTING UNDER DIRECTION OF FEDERAL OFFICERS

Brief description of cause: _____

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| June 27, 2008 | for EVAN C. NELSON |

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

C08-3113 EDL

NDC-JS44



1   TUCKER ELLIS & WEST LLP
    EVAN C. NELSON – STATE BAR NO. 172957
2   LILLIAN C. MA – STATE BAR NO. 210103
    135 Main Street, Suite 700
3   San Francisco, California 94105
    Telephone: 415.617.2400
4   Facsimile: 415.617.2409
    evan.nelson@tuckerellis.com
5   lillian.ma@tuckerellis.com

6   Attorneys for Defendant
    CARRIER CORPORATION          **E-filing**
7

8                 **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ROBERT SCHOELZEL,                    Case No.

12                                       **DEFENDANT CARRIER
        Plaintiff,                       CORPORATION'S NOTICE OF
13                                       REMOVAL OF ACTION UNDER 28
        v.                               U.S.C. § 1442(a)(1) (GOVERNMENT
14                                       CONTRACTOR IMMUNITY-ACTING
    ASBESTOS DEFENDANTS, As Reflected on UNDER DIRECTION OF FEDERAL
15  Exhibits, et al.,                    OFFICERS)**

16      Defendants.

17

18

19  TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

20  RECORD:

21      Defendant Carrier Corporation ("Carrier") hereby gives notice of removal of the above-

22  entitled action from the Superior Court of the State of California for the County of San

23  Francisco, to the United States District Court for the Northern District of California pursuant to

24  28 U.S.C. §§ 1442(a)(1) and 1446. In support of its removal, Carrier respectfully offers the

25  following:

26

27

28                                    1
                        CARRIER CORPORATION'S NOTICE OF
                        REMOVAL OF ACTION UNDER 28 U.S.C. §
                                  1442(A)(1)
    SFOiManage/11425/01621/158832/1

1

**Preliminary Matters**

2    1.    On or about June 30, 2006, Plaintiff Robert Schoelzel filed a Complaint in this

3    action, bearing Case No. CGC-06-453669, against numerous defendants in the Superior Court of

4    the State of California for the County of San Francisco. A true and correct copy of the

5    Complaint and all state court pleadings served on Carrier are attached hereto as Exhibit A.[1]

6    2.    A copy of the Register of Actions identifying all state court pleadings filed prior

7    to Carrier's Answer to Complaint is attached hereto as Exhibit B.

8    3.    On March 5, 2008, Plaintiff filed an Amendment to Complaint naming Carrier

9    Corporation for the first time as DOE number 9. A true and correct copy of the Amendment to

10   Complaint filed on March 5, 2008, is attached hereto as Exhibit A.

11   4.    The Complaint alleges that Plaintiff's disease was caused by his exposure to

12   asbestos and asbestos-containing products, and that said exposure occurred at various locations

13   inside and outside of the State of California.

14   5.    A basis for removal jurisdiction by Carrier was not apparent in the Complaint or

15   any subsequent amendments thereto. The Complaint did not specify what products designed,

16   manufactured, or distributed by Carrier were alleged to have contributed to Plaintiff's injuries.

17   None of the pleadings or other documents received by Carrier put Carrier on notice that there

18   was a federal officer issue.

19   6.    Carrier first ascertained the removability of this case upon receipt of Plaintiff's

20   responses to interrogatories propounded by Carrier. On June 3, 2008, Plaintiff served responses

21   to form interrogatories and special interrogatories in which he alleged for the first time that his

22   disease was caused in part by exposure to asbestos fibers while removing Carrier air-

23   conditioning equipment on the United States Navy ships USS Waddell (DDG-24) and USS

24   Truxton (CGN-35), while he was employed by the United States Department of Defense. A true

25

26

27   [1] All exhibits referenced herein are being filed concurrently herewith as a separate document.

28
                                                    2
                              CARRIER CORPORATION'S NOTICE OF
                           REMOVAL OF ACTION UNDER 28 U.S.C. §
                                           1442(A)(1)

SFOiManage/11425/01621/158832/1

1 | and correct copy of Carrier's Form Interrogatories and Special Interrogatories, and Plaintiff's
2 | responses thereto, are attached hereto as Exhibit C.

3 |     7.    Carrier equipment, including air-conditioning and refrigeration plants, aboard
4 | U.S. Navy vessels were specifically designed and manufactured in accordance with
5 | specifications provided by the U.S. Navy. This equipment was designed and built under the
6 | direction and control of the U.S. Government and its officers. Plaintiff's responses to
7 | interrogatories, alleging exposure from his work on Carrier air-conditioning equipment aboard
8 | the USS Waddell and USS Truxton, put Carrier on notice for the first time that this case is
9 | removable on the basis of federal officer removal jurisdiction under to 28 U.S.C. § 1442(a)(1).

10 |     8.    This Notice of Removal is timely. If grounds for removal is not apparent in the
11 | initial pleading, the 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run
12 | when the defendant receives a copy of an amended pleading, motion, order or other paper from
13 | which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). Neither the
14 | Complaint nor any subsequent amendments thereto stated any grounds for removal to federal
15 | court by Carrier. Plaintiff's responses to interrogatories propounded by Carrier, served on June
16 | 3, 2008, put Carrier on notice for the first time that Plaintiff's claims involve his alleged
17 | exposure to asbestos in military equipment built by Carrier for the U.S. Government pursuant to
18 | specifications provided by the U.S. Navy and under the direction and control of the U.S.
19 | Government and its officers. As this Notice of Removal is being filed within thirty days of
20 | Carrier's receipt of Plaintiff's responses, it is timely under 28 U.S.C. § 1446(b).

21 | **Nature of the Case**

22 |     9.    This case is based on Plaintiff's allegations that he contracted a disease as a result
23 | of his exposure to asbestos dust and/or fibers.

24 |     10.    Plaintiff asserts claims against Carrier for Negligence, Strict Liability, and False
25 | Representation.

26 |
27 |
28 |

3<br>
CARRIER CORPORATION'S NOTICE OF<br>
REMOVAL OF ACTION UNDER 28 U.S.C. §<br>
1442(A)(1)

1

**Jurisdiction, Venue and Intradistrict Assignment**

2    11.    Jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below

3    under Grounds for Removal.

4    12.    Venue is proper in the Northern District of California because the state court

5    action, which is subject to this removal petition, was filed in the Superior Court of California for

6    the County of San Francisco.

7    13.    Furthermore, §1442(a) authorizes such a removal without the consent of any other

8    defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315

9    (9th Cir. 1981) ("federal officer...can remove without other defendants joining the petition, and

10    the entire case is removed to the federal court").

11

**Grounds for Removal**

12    14.    This is a civil action over which this Court has original jurisdiction under 28

13    U.S.C. § 1331, and is removable to this Court by Carrier pursuant to 28 U.S.C. § 1442(a)(1) in

14    that Plaintiff's alleged right to relief depends on the resolution of a substantial question of federal

15    law.

16    15.    Carrier was at all relevant times a "person" within the meaning of 28 U.S.C. §

17    1442(a)(1). *Fung v. Abex Corp.,* 816 F.Supp. 569, 572 (N.D.Cal. 1992) (finding that a corporate

18    defendant was a "person").

19    16.    Carrier was acting under the direction of an officer of the United States within the

20    meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and supplying air-conditioning

21    and refrigeration equipment for and to the U.S. Navy. The air-conditioning and refrigeration

22    equipment were designed and manufactured pursuant to precise specifications provided by the

23    U.S. Navy, and therefore Carrier has a colorable federal defense to Plaintiff's state tort claims.

24    *(See* Declaration of Admiral Roger B. Horne, Jr., attached hereto as Exhibit D; and Declaration

25    of Thomas McCaffery, attached hereto as Exhibit E.)

26    17.    Should Plaintiff file a motion to remand this case, Carrier respectfully requests an

27    opportunity to respond more fully in writing, but offers the following authorities at this time:

28

4
CARRIER CORPORATION'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §
1442(A)(1)

SFOiManage/11425/01621/158832/1

1      18.     Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving

2   party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a

3   colorable federal defense to plaintiff's claims, and (3) demonstrate a causal nexus between

4   plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California,*

5   489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Fung v. Abex Corp.,* 816 F.Supp. 569 (N.D.Cal.

6   1992); *Machnik v. Buffalo Pumps, Inc.*, 506 F.Supp.2d 99, 102 (D.Conn. 2007). Here, Carrier

7   has satisfied all three requirements and is entitled to the federal officer removal provision.

8      19.     Carrier was acting under the direction of agents and officers of the United States

9   Government within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and/or

10  supplying air-conditioning and refrigeration equipment for use on U.S. Navy ships pursuant to

11  precise specifications exclusively prepared, drafted and issued by the U.S. Government through

12  NAVSEA and/or BUSHIP. (Horne Decl., Exhibit D, ¶¶ 5-6, 11; McCaffery Decl., Exhibit E, ¶

13  8.) The military specifications address all aspects of material requirement, including the

14  materials to be used and whether the materials were to contain asbestos. (Horne Decl., Exhibit

15  D, ¶ 11, McCaffery Decl., Exhibit E, ¶¶ 10-12.) To the extent that any piece of naval equipment

16  built and supplied by Carrier contained asbestos, it would have been specifically required and

17  approved by the U.S. Navy. (McCaffery Decl., Exhibit E, ¶¶ 10-11.) Any material, feature or

18  component used in conjunction with equipment built and supplied by Carrier for use on a naval

19  ship was specifically reviewed and approved by the U.S. Navy. (*Ibid.*) Furthermore, any change

20  to the specifications was controlled by the U.S. Navy. (Horne Decl., Exhibit D, ¶ 11.) In fact,

21  the Navy frequently required changes in design, materials and documentation before approving

22  the design and authorizing the manufacture of the equipment. (McCaffery Decl., Exhibit E, ¶ 9.)

23  Any and all work performed on air conditioning and refrigeration equipment built and supplied

24  for U.S. Navy ships by Carrier was performed in accordance with the requirements specified by

25  the U.S. Navy, and that work was reviewed, inspected, tested and approved by U.S. Navy

26  personnel before use on military ships. (Horne Decl., Exhibit D, ¶ 5.)

27

28
                                    5
                    CARRIER CORPORATION'S NOTICE OF
                  REMOVAL OF ACTION UNDER 28 U.S.C. §
                              1442(A)(1)

SFOiManage/11425/01621/158832/1

1    20.    Moreover, United States Naval Machinery Inspectors were stationed on-site at
2    manufacturing facilities to personally oversee each phase of the manufacturing process and to
3    enforce compliance with the U.S. Navy design specifications. (Horne Decl., Exhibit D, ¶ 8;
4    McCaffery Decl., Exhibit E, ¶ 10.) The U.S. Navy had direct and detailed control over every
5    aspect of the design and manufacture of the air conditioning and refrigeration equipment, and it
6    did not permit any deviations from its specifications. In fact, if any material, feature or
7    component of the equipment failed to comply with the applicable military specifications, it
8    would have been rejected. (McCaffery Decl., Exhibit E, ¶ 10.)

9    21.    Virtually no aspect of the design and manufacture of the air conditioning and
10   refrigeration equipment escaped the close supervision and control of the U.S. Navy and its
11   officers. (*See* McCaffery Decl., Exhibit E, ¶ 13.)

12   22.    A causal nexus exists between Plaintiff's claims in this action and the acts taken
13   by Carrier under the direction of federal officers. Plaintiff's claims against Carrier arise from his
14   work on and around Carrier air conditioning and refrigeration equipment aboard U.S. Navy
15   ships. The air conditioning and refrigeration equipment were designed and manufactured
16   pursuant to precise military specifications provided by the U.S. Navy, and were built under the
17   detailed and direct control of federal officers. Carrier's actions, then, are inseparable from the
18   government specifications, regulations, and oversight, and a clear causal nexus exists between
19   Plaintiff's claims and Carrier's acts performed under color of federal office. *See Boyle v. United*
20   *Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2510 (1988); *Sundstrom v. McDonnell Douglas*
21   *Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal.
22   1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v. Borden* 852 F.Supp.
23   1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal.
24   1998).

25   23.    Plaintiff's claims against Carrier are affirmatively barred by government
26   contractor immunity as stated by the U.S. Supreme Court in *Boyle v. United Technologies Corp.*,
27   487 U.S. 500, 108 S.Ct. 2510 (1988), and by the Ninth Circuit Court of Appeals in *McKay v.*

28

SFOiManage/11425/01621/158832/1

1 *Rockwell International Corp.*, 704 F.2d 444 (9th Cir. 1983). Pursuant to this federal defense,
2 military equipment manufacturers, such as Carrier, cannot be held liable under state law for any
3 injuries caused by the equipment it built for the U.S. Navy when: (1) the United States approved
4 reasonably precise specifications; (2) the equipment conformed to these specifications; and (3)
5 the equipment supplier warns the military about any hazards involved in the use of the
6 equipment that are known to the equipment supplier but not known to the military. *See Boyle,*
7 *supra,* 487 U.S. 500 at 512; *McKay, supra,* 704 F.2d. 444 at 451; *Sundstrom, supra,* 816 F.Supp.
8 587 at 596-97.

9     24.    Here, Carrier has raised a colorable federal defense to this action under
10 government contractor immunity. Carrier designed and manufactured air conditioning and
11 refrigeration equipment pursuant to precise specifications provided and approved by the U.S.
12 Navy, (2) the air conditioning and refrigeration equipment conformed to those specifications, and
13 (3) the U.S. Navy, one of the world's leaders in industrial hygiene concerns, would have
14 possessed information equal to or superior to that of Carrier concerning issues of industrial
15 hygiene and asbestos medicine, including the potential hazards involved with use of asbestos-
16 containing components or materials associated with air conditioning and refrigeration equipment
17 or other Naval equipment. Thus, Carrier would not have had knowledge of any hazards
18 associated with the use of the equipment which was not already known to the U.S. Navy. In fact,
19 the U.S. Navy already had its own precautions and training programs regarding the use of
20 asbestos-containing materials. Carrier has more than a colorable federal defense to this state
21 action under government contractor immunity. *See Boyle, supra,* 487 U.S. at 512; *Sundstrom v.*
22 *McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Fung v. Abex Corp.*, 816 F.Supp.
23 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.* 838 F. Supp. 1099 (D. Md. 1993); *Crocker v.*
24 *Borden* 852 F.Supp. 1322 (E.D. La. 1994); *Arness v. Boeing North American, Inc.*, 997 F.Supp.
25 1268 (C.D. Cal. 1998).

28     7
CARRIER CORPORATION'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §
1442(A)(1)

SFOiManage/11425/01621/158832/1

1    25.    The existence of a single removable claim allows removal of the entire action. 28

2    U.S.C. § 1441(c).  *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal.

3    1980).

4    26.    Notice of this removal has been filed with the state court and provided to all

5    adverse parties pursuant to 28 U.S.C. § 1446(d).

6    27.    This removal is based upon this Notice of Removal to the United States District

7    Court, the Certificate of Service of Notice to Adverse Party of Removal, the Notice to Adverse

8    Party of Removal filed in the state court action, the Tag-Along Pleading filed herewith, the

9    Notice of Pendency of Other Action, the pleadings served on Carrier in the state court case, and

10   any other matters which the court deems applicable.

11   WHEREFORE, defendant Carrier prays that this action be removed from the Superior

12   Court of the State of California for the County of San Francisco to the United States District

13   Court for the Northern District of California, and transferred to the United States District Court,

14   Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to

15   28 U.S.C. § 1407 ("MDL Transfer Order").

16

17   DATED: June 27, 2008                          TUCKER ELLIS & WEST LLP

18

19
                                                   By:
20                                                      Evan C. Nelson
                                                        Lillian C. Ma
21                                                      Attorneys for Defendant
                                                        CARRIER CORPORATION
22

23

24

25

26

27

28                                      8
                          CARRIER CORPORATION'S NOTICE OF
                         REMOVAL OF ACTION UNDER 28 U.S.C. §
                                     1442(A)(1)
     SFOiManage/11425/01621/158832/1