1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  RICHARD M. GRANT, ESQ., S.B. #55677
   Brayton❖Purcell LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCHOELZEL, | No. C 08-03113 JSW |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATIONS OF ROGER B. HORNE, JR. AND THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| ASBESTOS DEFENDANTS, et al. | |
| Defendants. | |

Date: November 7, 2008
Time: 9:00 am
Court: 2, 17th Floor

TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

Notice is hereby given that on November 7, 2008, at 9:00 am, or as soon thereafter as this matter may be heard, in Courtroom Two of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, plaintiff will move the Court for an Order remanding

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
PO BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  this case to the Superior Court of the State of California in and for the County of San Francisco,
2  and awarding costs and attorneys fees incurred in the making of this motion. This motion is
3  based on this Notice, the Memorandum of Points and Authorities, the Declaration of Richard
4  M. Grant, Esq., the allegations in plaintiff's complaint, plaintiff's amendment to complaint, the
5  defendant's Notice of Removal, and such argument as may be made at the hearing.
6      Plaintiff seeks remand on the following grounds:
7      1. Defendant Carrier Corporation's Notice of Removal is untimely. Defendants failed
8  to file their Notice of Removal within 30 days from the time it was first ascertainable that the
9  case is one which is or has become removable.
10     2. Removal pursuant to 28 U.S.C. Sec. 1442(a)(1) is inappropriate in that the moving
11 party cannot demonstrate that it acted under the direction of a federal officer, cannot raise a
12 colorable federal defense to plaintiff's claims, and cannot demonstrate a causal nexus between
13 plaintiff's claims and the acts it alleges it performed under color of federal office.
14     3. Removal pursuant to 28 U.S.C. 1442(a)(1) is inappropriate in that moving party
15 cannot demonstrate that the United States approved reasonably precise specifications; the
16 equipment conformed to those specifications and defendant warned the United States about the
17 dangers in the use of the equipment that were known to defendant but not to the United States.
18     Plaintiff moves to strike the declarations of Admiral Roger B. Horne, Jr. and Thomas
19 McCaffery on the grounds that said declarations are without foundation, are speculation and
20 based upon hearsay.
21     Alternatively, plaintiff requests the Court to sever the action against defendant Carrier
22 Corporation from those of the other defendants and remand the remainder of the case to the San
23 Francisco County Superior Court.
24 ///
25 ///
26 ///
27
28

1  Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and fees
2  incurred in the making of this motion.

3  Dated:                                          BRAYTON❖PURCELL LLP LLP
4

5
                                        By: _____
6                                           Richard M. Grant
                                            Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

This is an action for injuries suffered by plaintiff Robert Schoelzel as a result of exposure to asbestos. Mr. Schoelzel is stricken with Asbestosis, a disease of the lungs that is closely associated with the inhalation of asbestos fibers. The complaint was originally filed on June 30, 2006 in the Superior Court for the State of California, County of San Francisco, (Notice of Removal, Exhibit A), and amended to add defendant Carrier Corporation, on March 5, 2008. (Notice of Removal, Exhibit A).

The complaint alleged exposure to asbestos and asbestos continuing products, and specified plaintiff's exposure occurred between the years 1974 to 1986. His sole employer for all these years was listed as the "US Dept. of Defense".[1] The locations of his exposure were limited to the Long Beach Naval Shipyard, the Puget Sound Naval Shipyard and various Navy ships.

Defendant filed its Notice of Removal on June 27, 2008. Their alleged ground for removal as stated in the Notice is that defendant Carrier Corporation ("Carrier") was acting under the direction of an officer of the United Stattes within the meaning of 28 U.S.C. sec 1442 (a)(1), and that defendant has a colorable federal defense to plaintiff's state court claims.

The Notice of Removal is defective in that it is untinely. Furthermore, the only evidence supporting removal are the declarations of Admiral Roger B. Horne, Jr. and Thomas McCaffery. Both are replete with speculation based on hearsay and are without proper foundation. These declarations are beyond the scope of declarants' personal knowledge and are therefore inadmissible evidence, not entitled to any weight, and should be stricken or discarded.

Plaintiff requests this Court remand this matter to the Superior Court for the State of California, County of San Francisco, so that it may properly proceed to trial.

---

[1] Excepting for a one year period from 1982 to 1983, when he worked for the City and County of Denver, Colorado as a "heavy equipment mechanic".

K:\Injured\105358\Fed-Mtn Remand.wpd                                1
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATIONS OF ROGER B. HORNE, JR. AND THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff also requests an award of attorneys fees and costs pursuant to 28 U.S.C. section 1447(c).

## II.

## ARGUMENT

### A. DEFENDANTS' NOTICE OF REMOVAL WAS FILED BEYOND THE 30 DAY LIMITATION OF 28 U.S.C. 1446(b) AND IS UNTIMELY.

Cases must generally be removed within thirty days of the defendant's receipt of process. However, in certain circumstances Congress authorized later removal. If a case is not removable from the face of the complaint, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable. (28 U.S.C. 1446(b).)

"Where a defendant attempts to remove under sec. 1446(b) and the plaintiff contends that removal is untimely, the burden is on the removing defendant to demonstrate compliance with the procedural bar. In this case, the defendants must show that the initial complaint was not removable. *See, e.g. Therien v. Hamilton*, 881 F. Supp. 76, 78 (D. Mass. 1995) (placing burden on removing party to show timely removal)." (*Hilbert v. McDonnell Douglas Corp. et al.*, 529 F.Supp.2d 187, 193, D. Mass (2008).)

In order to place the defendants on notice for purposes of the federal contractor defense, a plaintiff must provide sufficiently specific facts or allegations to allow the defendant reasonably to identify the contracts through which the defense is being asserted. (See *Durham v. Lockheed Martin Corporation*, 445 F. 3d 1247, 1251, 9th Cir. (2006)

In the instant matter, plaintiff's complaint set forth specific time periods and locations regarding plaintiff's exposure to asbestos. At virtually all times, he was employed by the U.S. Department of Defense at naval shipyards and aboard naval ships. Accordingly, defendant Carrier would be on notice that plaintiff's exposure to any Carrier product would have occurred from a product delivered and supplied to the U.S. Navy. Defendant contends that the information in the complaint is insufficient to ascertain removability and it could not first

ascertain removability until it discovered the names of two specific ships that were involved in plaintiff's exposure.

If, however, all Carrier products supplied to the Navy were supplied by contract that called for the use of asbestos, Carrier should have been able to deduce from the complaint that they have a federal contractor defense. Indeed Carrier alleged military contractor immunity in its twenty-sixth affirmative defense to the complaint. It is the burden of Carrier to show that it also supplied products to the Navy that were not asbestos-containing so that it would be necessary to identify specific locations and times of exposure in more detail than set forth in the complaint for it to ascertain that this case is removable. If they fail to meet this burden, the matter is not removable and must be remanded to the state court.

Defendants have the burden of showing that they have complied with the procedural requirements of removal and showing that removal was proper. (*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *California ex rel. Lockyer v. Dynegy, Inc.* (9th Cir. 2004) 375 F 3d 831, 838)

**B. CARRIER CORPORATION CANNOT SHOW THAT THE UNITED STATES NAVY SPECIFIED AND REQUIRED THE USE OF ASBESTOS CONTAINING MATERIALS IN CARRIER CORPORATION PRODUCTS, NOR CAN IT SHOW THAT THE GOVERNMENT PRECLUDED CARRIER FROM ISSUING WARNINGS ABOUT ITS HAZARDOUS MATERIALS.**

The seminal case of *Boyle v. United Tech. Corp.*, 487 U.S. 500, 511, (1988) holds: "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." (*Id*. At 512)

The military-contractor defense is an affirmative defense. Hence, respondent has the burden of establishing it. (*Snell v. Bell Helicopter Textron, Inc.*, 107 F. 3d 744,746, 9th Cir., 1997)

"If the government contractor exercised actual discretion over the defective feature of the design, then the contractor will not escape liability via the government contractor defense..."

1  (*Snell,* supra, at 748, quoting *Trevino v. General Dynamics Corp.*, 865 F. 2d 1474, 1480)

2  As noted by the Second Circuit (*In re Joint Eastern and Southern District New York Asbesto Litigation*, 897 F. 2d 626 (1990)) and quoted by the Ninth Circuit in *In Re Hawaii Federal Asbestos Cases* (960 F. 2d 806, 813, (1992): "Stripped to its essentials, the military contractor's defense under *Boyle* is to claim, 'The Government made me do it'. Boyle replaces state law only when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion." (*Id.*, at 813)

There is no evidence that the Navy actually specified and required the use of asbestos materials, only speculation and statements made without foundation or personal knowledge. There are no military specifications ("milspecs") submitted, no declarations of "Military Inspectors" to be introduced, indeed no documentation whatsoever in support of the unfounded statements contained in the declarations of Admiral Horne and Thomas McCaffery. Although both declarants repeatedly use the terms, "precise specifications", "standards", "requirements", "milspecs", and "control", any evidence in support of these statements is conspicuous only by their complete absence.

Likewise, bare and bold statements that "any attempt by Carrier Corporation to include a cautionary statement concerning asbestos in a technical or instruction manual would have been denied and precluded as contrary to milspecs, and would have been rejected as contrary to Navy protocols, are supported by neither milspecs nor protocols.

Declaration testimony, which simply describes the content of the regulations and specifications is, in the absence of the documents themselves, nothing more than hearsay and is not entitled to any weight. (*Snowdon v. A.W. Chesterton Company, et al.*, 366 F. Supp. 2d,157, 164, D. Me (2005))

Defendant has failed to show that the government has approved reasonably precise specifications that required asbestos containing material to be incorporated into its product. Accordingly, it has not satisfied the prongs of the *Boyle* test.

---

K:\Injured\105358\Fed-Mtn Remand.wpd  4
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATIONS OF ROGER B. HORNE, JR. AND THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

1 On review of the evidence, there is simply no basis upon which the court can conclude that a conflict existed between the federal contracts and the defendant's state duties. The defendant does not submit any non-testimonial evidence, i.e. citations to regulations or contracts, of the government's alleged control over either the "required" materials or over any "precluded" warnings. Although continuously referring to requirements and specifications, defendant fails to cite any contractual or regulatory language supporting their position, or to provide any military specifications bearing on either the "specified" materials or bearing on the substance of warnings to be provided. Although they claim that the government dictated asbestos materials and precluded any warnings, they fail to offer any proof. Their argument thus "boils down to a bald, unsupported assertion" that the government mandated and required asbestos materials and that the government would have exercised its discretion to bar any warnings. "On this record, that sort of speculation is not remotely adequate." (See *Hilbert v. McDonnell Douglass Corp.*, 529 F. Supp. 2d 187, 202, D. Mass., (2008))

The conclusion that the Horne and McCaffery declarations are not based upon their personal knowledge is supported by the absence of exemplar contracts or regulations which could confirm their otherwise conclusory allegations. (See *Green v. A.W. Chesterton Co.* 366 F. Supp. 2d 149, 157 (D. Me. 2005) (affidavit which failed to include any actual regulation or specification" raises real and significant concern" and fails to meet defendant's burden for removal.")

The proferred declarations are not based upon personal knowledge, but rather upon hearsay and speculation, and are inadmissable. (See Federal Rule of Evidence 802. See also Rule 1002, "Best Evidence" Rule.) Without the allegations contained in these inadmissable declarations, defendant cannot sustain its burden of establishing a military contractor defense and it correspondingly cannot meet the requirements of *Boyle*.

///

///

///

**C.    THE MILITARY CONTRACTOR DEFENSE DOES NOT APPLY WHERE THE GOODS ARE AVAILABLE IN SIMILAR FORM TO COMMERCIAL USERS.**

"(T)he fact that a company supplies goods to the military does not, in and of itself, immunize it from liability for the injuries caused by those goods. Where the goods ordered by the military are those readily available, in substantially similar form, to commercial users, the military contractor defense does not apply."(*In re Hawaii Fed. Asbestos Cases,* 960 F.2d 806, 811, 9th Cir. 1992)

> That *Boyle* speaks of the military contractor defense as immunizing contractors only with respect to the military equipment they produce for the United States is consistent with the purposes the Court ascribes to that defense. The *Boyle* Court noted that the military makes highly complex and sensitive decisions regarding the development of new equipment for military usage. Allowing the contractors who are hired to manufacture that equipment to be sued for the injuries caused by it would impinge unduly on the military's decision making process. The contractors would either refuse to produce the military equipment for the Government or would raise their prices to insure against their potential liability for the Government's designs.
>
> These same concerns do not exist in respect to products readily available on the commercial market. The fact that the military may order such products does not make them "military equipment." The products have not been developed on the basis of involved judgments made by the military but in response to the broader needs and desires of end-users in the private sector. The contractors, furthermore, already will have factored the costs of ordinary tort liability into the price of their goods. That they will not enjoy immunity from tort liability with respect to the goods sold to one of their customers, the Government, is unlikely to affect their marketing behavior or their pricing. (*In re Hawaii,* at 811)

Defendant has provided no facts or information which would establish that the products in question are, in fact, "military equipment" and accordingly have not sustained their burden.

**D.    THE REMOVAL STATUTE MUST BE CONSTRUED IN FAVOR OF REMAND.**

Any doubt as to the removability of a matter "should be resolved in favor of remanding a case to state court." *(See Matheson v. Progressive Specialty Insurance Company,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

Because federal officer removal is "rooted in 'an anachronistic mistrust of state courts

ability to protect and enforce federal interests and immunities from suit,' "although federal officer jurisdiction "is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private contractor purportedly acting at the direction of a federal officer is at issue." *Alsup v. 3-Day Blinds,* 435 F Supp. 2d 838, 843, 852, quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.,* 245 F. Supp. 2d 1144, 1150, 1152 & n. 6, (D. Colo. 2002))

E. **PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEYS' FEES**

As noted in *Simpson v. Union Pacific RR Co.,* 282 F.Supp.2d 1151 (N.D. Cal. 2003), a request for costs and attorney's fees under the removal statute is not a motion for Rule 11 sanctions; while sanctions are limited to cases where the party advances frivolous arguments, an award of attorney's fees and costs may be made upon a simple finding that the removal was improper as a matter of law. 282 F.Supp.2d at 1160-61 (citing *Kanter v. Warner-Lambert,* 265 F.3d 853, 861(9th Cir.2001); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 949 (9th Cir.2001).

Here, removal was untimely and defective, therefore improper as a matter of law. Rather than a legitimate exercise of a substantive right to a federal forum by a party that would otherwise be denied a fair hearing in a hostile state court, this removal is a litigation tactic designed to delay justice rather than to serve it.

An award of costs and attorney's fees is appropriate here.

### III.

### CONCLUSION

Defendant has not shown that contracts or regulations provided reasonably precise specifications mandating that its products contained asbestos or as to any warnings regarding asbestos. For these reasons, the defendant cannot show a conflict between their federal contract obligations and its duties and obligations under state law. Accordingly it has not established a colorable federal defense nor has it established a causal connection between the acts done pursuant to the federal contract and the plaintiff's injury. Therefore, this Court does not have

K:\Injured\105358\Fed-Mtn Remand.wpd    7
NOTICE OF MOTION AND MOTION TO REMAND CASE TO CALIFORNIA SUPERIOR COURT, TO STRIKE DECLARATIONS OF ROGER B. HORNE, JR. AND THOMAS F. McCAFFERY, AND FOR PAYMENT OF FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

removal jurisdiction pursuant to the federal officer removal statute, 28 U.S. C. sec 1442, and is without subject-matter jurisdiction to hear the case. The Motion to Remand must be granted and the case remanded in its entirety to the California Superior Court for the County of San Francisco.

The Court should order payment of plaintiff's costs and attorneys' fees pursuant to 28 U.S.C. section 1447(c).

Respectfully submitted,

Dated: July 28, 2008

BRAYTON❖PURCELL LLP

By: _____

Attorneys for Plaintiff
ROBERT SCHOELZEL