1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  RICHARD M. GRANT, ESQ., S.B. #55677
   BRAYTON❖PURCELL LLP
3  222 Rush Landing Road
   PO Box 6169
4  Novato, California 94948-6169
   (415) 898-1555
5  (415) 898-1247 Fax

6  Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCHOELZEL, | No.  C 08-03113 JSW |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO CARRIER CORPORATION'S OPPOSITION TO MOTION TO REMAND** |
| vs. | |
| ASBESTOS DEFENDANTS, et al. | |
| Defendants. | Date:  November 7, 2008<br>Time: 9:00 am<br>Court: 2, 17th Floor |

**I.**

**INTRODUCTION**

Defendant responds to plaintiff's motion to remand by continuing to assert that the

United State Military exercised "direct and detailed"control" over the materials used in their

product.  Their contentions are entirely unsupported by any evidence, however, other than

declarations based on hearsay and speculation, without proper foundation.  Their belated filing

of a Military Specification supposedly confirming this detailed and direct control, supports no

such finding.  The word "asbestos' cannot be found in that document.  There is simply no

K:\Injured\105358\Fed-Response to Opp.wpd                    1
PLAINTIFF'S RESPONSE TO CARRIER CORPORATION'S OPPOSITION TO MOTION TO REMAND

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  evidence that the government, in any fashion, directed defendant Carrier Corporation to utilize

2  asbestos in its product. Additionally, this document should not be considered by the court as it

3  has not been submitted within the time allowed for removal.

4      Likewise, Defendant's continued claims that the military would preclude any warnings

5  of hazardous materials is supported only by bold, bald and unfounded assertions, and is without

6  merit.

7                                             **II.**

8                                        **ARGUMENT**

9  **A.      There Was a Duty to Warn**

10     Defendant claims The United States Navy was well aware of any health hazards relating

11  to the use of asbestos -related products dating back to the 1930"s (Opp., pg. 12, lines 5-6) and

12  that the Navy had "state of the art knowledge concerning the potential risks associated with

13  exposure to asbestos and asbestos containing products." Horne Declaration, ¶14)  The only

14  documentary evidence in support of these grandiose statements is a NAVSEA Instruction dated

15  September 11, 1979, four years after plaintiff's exposure to asbestos began.  However,

16  Occupational Health Hazard Release No. 29 (Exhibit C to Declaration of Richard M. Grant)

17  distributed by the Department of the Navy in 1961 belies defendant's contentions, being

18  noteworthy for what it does not contain.  Out of the entire 60 pages of text, there are just 17

19  lines that address "asbestos dust" and "asbestos".  Moreover, the only mention of a study was

20  one begun in 1958 and it is stated that "at that time" there was only one case of an employee

21  receiving compensation for asbestosis.  There is absolutely no warning of the danger of asbestos

22  as a carcinogen, no warning that asbestos may cause lung cancer and no mention whatsoever

23  that asbestos causes mesothelioma.  Hardly a testimonial to the Navy's superior knowledge, or

24  even actual knowledge of the dangers of asbestos-containing products.

25      The paper on Industrial Hygiene and the Navy in National Defense (Exhibit D to Grant

26  Declaration) sheds light on the allegation that the Navy was "well aware" of health hazards

27  related to the use of asbestos-containing products "dating back to the 1930's) This supposed

28  state of the art knowledge was contained in just three paragraphs of the 14 page paper.  While

1 | stating that asbestos is a "potential occupation disease hazard", the study concluded that "no

2 | cases of asbestosis were found" in a survey of workers after a maximum period of exposure of

3 | seventeen years. That's it. No mention of other diseases. No mention of other studies that at

4 | the time acknowledged the severe hazards of asbestos exposure. Defendants's declarations and

5 | speculations simply cannot support a conclusion that the Navy had superior knowledge to that

6 | of defendant Carrier Corporation regarding the dangers of asbestos.

7 | Carrier says, however, that even if it wanted to supply warnings regarding asbestos, it

8 | would have been precluded by the military. Again, there is no evidence to support such a claim

9 | other that the same speculation and unfounded statements based on hearsay (indeed, if based on

10 | anything). Again, plaintiff supplies specific evidence to the contrary. In the Uniform Labeling

11 | Program-Navy, published in 1956 (Exhibit B to Grant declaration), it is specifically provided

12 | that its "instruction apply(ing) to the labeling of all hazardous materials throughout the Naval

13 | Establishment wherever distribution of hazardous materials is made to the actual consumer..is

14 | not intended to govern: a) The type of labels to be affixed by the manufacturer. These are

15 | governed by State and Federal Law and regulations..." Accordingly, defendant was free to

16 | include warnings which were not dictated by the Navy. (See *Fortier v. Ampco-Pittsburg Corp.*,

17 | U.S.D.C. Conn. 2007, attached as Exhibit E to Grant declaration)

18 |

19 | **B.    There Is No Showing That the Government Required the Use of Asbestos in the Products of Defendant**

20 | Plaintiff asserted in its motion that "declaration testimony, which simply describes the

21 | content of the regulations and specification is, in the absence of the documents themselves,

22 | nothing more than hearsay and is not entitled to any weight". *Snowden v. A.W. Chesterton*

23 | *Company*, 366 F. Supp. 2d, 157, 164, D. Me (2005). Defendant responds by attaching a copy of

24 | "precise specifications" for military air conditioning equipment in the form of MIL-R-1643 to a

25 | second declaration of Thomas McCaffery.

26 | However, neither the Military Specification ("Milspec") nor the declaration establishes

27 | that a federal officer required the use of asbestos in the design and manufacture of air

28 | conditioning equipment. In fact, the Milspec relied on by Carrier does not even mention

1  asbestos. Although it does specify the use of various material such as bronze, brass, copper,

2  silica gel, activated alumina, nonferrous metal, and nickel amongst others, the Milspec does not

3  support the contention by Carrier that it required the use of asbestos. Compare this fact with

4  Table I - Materials for pumps", pg. 18 of Mil-P-17840B(SHIPS). ( Exhibit A to Grant

5  Declaration) wherein asbestos is indeed specified as the material to be used in the "casing

6  gaskets" of the pumps.

7  Accordingly, the declaration of McCaffery and its attached Milspec are insufficient to

8  support the claim of Carrier that it designed and manufactured the air conditioning equipment

9  pursuant to the detailed control and direction of the U.S. Navy. There is simply no showing that

10  the Navy required the use of asbestos in Carrier's product.

11  Furthermore, and most importantly, this supplementary declaration and its belated

12  inclusion of the military specification may not be considered by the Court to allow removal. It

13  has consistently been held that a petition for removal may not be amended to supply

14  jurisdictional averments that have been lacking, after the time in which removal could be

15  effected had terminated. Since no amendments of the petition for removal nor filing of

16  declarations, to demonstrate that a sufficient basis for jurisdiction existed, were made within the

17  time limitation for effecting removal, the right to removal cannot be asserted on the basis of

18  declarations filed thereafter. *McGlasson v. Barger*, 220, F. Supp. 938, 941 (D.C. Colo. 1963)

19  Carrier states that it has raised a "colorable federal defense" of having acted under a

20  federal officer or agency. However, the "colorable claim" standard applies only to the

21  presentation of a federal defense, not the causal requirement. *Mesa v. California*, 489 U.S.

22  121,132 (1989) In order to remove to federal court, Carrier must set forth evidence showing that

23  it did, in fact, act under a federal officer, a burden that Carrier has not satisfied by the

24  submission of  declarations based upon hearsay, speculation and lacking foundation. (See *Good*

25  *v. Armstrong World Industries, Inc.*, 914 F. Supp. 1125, 1129, (E.D. Pa., 1996)

26  ///

27  ///

28  ///

1

**C.    Any Doubt as to the Removability of this Matter Should Be
2        Resolved in Favor of Remand.**

3    Although defendant is correct that *Durham v. Lockheed Martin Corporation* 445 F. 3d

4 1247 (9th Cir., 2006) holds that a liberal interpretation is to be given to federal officer removal

5 statutes, that opinion is actually limited to the 30 day provisions of 28 USC § 1446.  Other

6 statements by the court concerning the construction of federal removal statutes are just

7 interpretations and at most dicta.  In any event, the Durham opinion does not overturn or

8 contradict in any way the prior mandate of the Ninth Circuit that any doubt as to the

9 removability of a matter "should be resolved in favor of remanding a case to state court"

10 *Matheson v. Progressive Specialty Insurance Company*, 319 F. 3d 1089, 1090 (9th Cir., 2003);

11 *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566 (9th Cir. 1992)

12                                **CONCLUSION**

13    The attempted removal of asbestos cases is a common tactic for defendants seeking to

14 delay or deny plaintiff' rights to a trial on the merits of their state claims.  Defendant seeks to

15 avail itself of the glacial pace that is the hallmark of federal asbestos multi-district litigation.

16 *See, In re Marine Asbestos Cases*, 44 F. Supp.2d 368, 374 (D. Me.1999) (If [asbestos] claims

17 return to state court, they will proceed to resolution . . . in federal court they will encounter

18 significant delay upon their transfer through the panel on multidistrict litigation.)

19    Defendant fails to support its removal with proper facts or foundation.  Removal is not

20 appropriate in this case and the matter should be remanded to state court.

21                                Respectfully submitted,

22 Dated: August 13, 2008            BRAYTON❖PURCELL LLP

23

24                        By: _____

25                        Attorneys for Plaintiff
                          ROBERT SCHOELZEL

26

27

28

PLAINTIFF'S RESPONSE TO CARRIER CORPORATION'S OPPOSITION TO MOTION TO REMAND

BRAYTON◆PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, Novato, California 94948-6169.

On August 13, 2008 I served the attached:

**PLAINTIFF'S RESPONSE TO CARRIER CORPORATION' OPPOSITION TO MOTION FOR REMAND**

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

| | | |
|---|---|---|
| **Berry & Berry**<br>P.O. Box 16070<br>2930 Lakeshore Avenue<br>Oakland, CA 94610<br>510-835-8330  510-835-5117 (fax)<br>**Defendants:**<br>  Berry & Berry (B&B) | **Jackson & Wallace**<br>55 Francisco Street<br>Sixth Floor<br>San Francisco, CA 94133<br>415-982-6300  415-982-6700 (fax)<br>**Defendants:**<br>  BW/IP International Inc.<br>(BWIPIN) | **Knox Ricksen LLP**<br>1300 Clay Street, Suite 500<br>Oakland, CA 94612-1427<br>510-285-2500  510-285-2505 (fax)<br>**Defendants:**<br>  Allis-Chalmers Corporation<br>Product Liability Trust (ALLIS)<br>Oshkosh Truck Corp. |
| **Law Offices of Peter C. Freeman**<br>16485 Laguna Canyon Road, Ste. 230<br>Irvine, CA 92618<br>949-341-0500  949-341-0505 (fax)<br>**Defendants:**<br>  Barr Lumber Company, Inc.<br>(BARRLU) | **McKenna Long & Aldridge**<br>101 California Street<br>41st Floor<br>San Francisco, CA 94111<br>415-267-4000  415-267-4198 (fax)<br>**Defendants:**<br>  Certainteed Corporation (CERT) | **Morgan, Lewis & Bockius LLP**<br>One Market, Spear Tower<br>San Francisco, CA 94105<br>415-442-1000  415-442-1001 (fax)<br>**Defendants:**<br>  Grinnell Corporation (GRINN) |
| **Tucker Ellis & West LLP**<br>135 Main Street, Suite 700<br>San Francisco, CA 94105<br>415-617-2400  415-617-2409 (fax)<br>**Defendants:**<br>  Carrier Corporation (CARRCP) | **Vasquez & Estrada LLP**<br>1000 Fourth Street, Ste. 700<br>San Rafael, CA 94901<br>(415) 453-0555<br>(415) 453-0549 (fax)<br>**Defendant:**<br>  Rheem Manufacturing Co. | |

   __XXX__       BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed this **August 13, 2008** at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JANE A. EHNI

G:\POS\MULTIP.WPD

1