ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
RICHARD M. GRANT, ESQ., S.B. #55677
BRAYTON❖PURCELL LLP
222 Rush Landing Road
PO Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 Fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SCHOELZEL<br><br>Plaintiff,<br><br>vs.<br><br>ASBESTOS DEFENDANTS, et al.<br><br>Defendants. | No. C 08-03113 JSW<br><br>APPENDIX OF CASES IN SUPPORT OF MOTION TO REMAND TO STATE COURT<br><br>Date: November 7, 2008<br>Time: 9:00 am<br>Court: 2, 17th Floor |

///

///

///



BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O.BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# TABLE OF CONTENTS

*Leslie Groombridge v. Asbestos Defs.*, USDC C00-01654 MMC
Order Granting Plaintiff's Motion for Remand; Vacating Hearing. . . . . . . . . . . . . . . . . . . . . . 1

*Henry Pippins v. Asbestos Defs.*, USDC C00-1356 WHA
Order 1)Granting Plaintiff's Motion to Remand Case to State Court and 2) Denying as Moot Plaintiff's Objection to Defendant's Supplemental Brief in Opposition. . . . . . . . . . . . 5

*Thomas Pippins and Tommie Pippens v. Atlas Turner, Inc. et al.*,
USDC C03-3006 WHA, Order Granting Plaintiffs' Motion to Remand. . . . . . . . . . . . . . . . . . 9

FILED
JUN 23 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LESLIE GROOMBRIDGE,

Plaintiff,

v.

ASBESTOS DEFENDANTS (BHC), et al.,

Defendants.

No. C00-01654 MMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND; VACATING HEARING**

**INTRODUCTION**

Before the Court is plaintiff's motion to remand this action to state court on the grounds that the federal court lacks subject matter jurisdiction over the action. An opposition and reply have been filed. Having considered the papers submitted in support of and in opposition to the motion, the Court hereby VACATES the hearing scheduled for June 23, 2000, and GRANTS the motion.

**BACKGROUND**

On March 23, 2000, plaintiff Leslie Groombridge filed suit in San Francisco Superior Court, seeking damages for asbestos-related personal injury and disease stemming from his occupational exposure to asbestos-containing products manufactured by Rolls-Royce, PLC, formerly known as Rolls-Royce Allison and Allison Engine Company, Inc. ("Rolls-Royce"). (Compl. at 1.) On May 9, 2000, defendant removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. On May 25, 2000, plaintiff filed a motion to remand.

Plaintiff alleges that he was exposed to asbestos while working as a structural

United States District Court
For the Northern District of California

COPIES MAILED TO
PARTIES OF RECORD

mechanic/aviation officer with the United States Navy between 1956 and 1958. (Not. of Removal at 2.) Specifically, plaintiff claims that he was exposed to asbestos in the course of repairing and maintaining the T56 engines manufactured by Rolls-Royce. (Not. of Removal at 2.)

Although, in its notice of removal, defendant asserted multiple bases of federal jurisdiction, defendant, in its opposition, relies solely on the federal officer removal statute, 28 U.S.C. § 1442. In that regard, defendant argues the Court has subject matter jurisdiction pursuant to § 1442(a)(1) for the reason that the T56 engine was manufactured by Rolls-Royce "under the authority of an officer or agency of the United States," (Not. of Removal at 3), and that the "United States Government had precise specifications, and exercised the strictest control, over the development of the T56 for its use in military aircraft." (Dft's Opp. at 3.)

**DISCUSSION**

**A. Legal Standard**

The existence of federal jurisdiction for removal must normally be determined on the face of the plaintiff's well-pleaded complaint. See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908). The federal officer removal statute provides an exception to the "well-pleaded complaint" rule. See Mesa v. California, 489 U.S. 121, 136 (1989). "Under the federal officer removal statute, suits against federal officers may be removed despite the non-federal cast of the complaint; the federal question element is met if the defense depends on federal law." Jefferson County v. Acker, 527 U.S. 423, 431 (1999).

To establish federal officer removal jurisdiction, the defendant must: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and the acts the defendant performed under color of federal office. See Mesa, 489 U.S. at 124-25, 134-35. In addition, the defendant must be a "person" within the meaning of § 1442(a)(1). See Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992).

The party seeking to remove an action has the burden of establishing federal

jurisdiction over a suit originally filed in state court. See id. Any doubt about the propriety of removal is resolved in favor of remand. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

**B. Analysis**

**1. "Person" Under 28 U.S.C. § 1442(a)(1)**

Plaintiff argues that Rolls-Royce is not a "person" under § 1442(a)(1). (Pl.'s Reply at 2-3.) While federal district courts are divided on this issue, the Court agrees with those courts that have held a corporation is a person within the meaning of § 1442(a)(1). See, e.g., Good v. Armstrong, 914 F. Supp. 1125, 1127-28 (E.D. Pa. 1996); Crocker v. Borden, 852 F. Supp. 1322, 1325 (E.D. La. 1994); Fung, 816 F. Supp. at 572; Ryan v. Dow Chemical Co., 781 F. Supp. 934, 936 (E.D.N.Y. 1992). Because Rolls-Royce is a corporation, the Court finds that it qualifies as a "person" under § 1442(a)(1).

**2. "Acting Under" a Federal Officer and "Causal Nexus"**

To establish that a defendant is "acting under" a federal officer, a federal officer must have had "direct and detailed control over the defendant." Fung, 816 F. Supp. at 572. Further, to establish a "causal nexus," it must appear that the state prosecution has arisen out of the acts done under color of federal authority and in enforcement of federal law. Maryland v. Soper, 270 U.S. 9, 22 (1926).

Here, to support its contention that it was acting under the direct and detailed control of the federal government, defendant offers the affidavit of James L. Dillard ("Dillard"), a retired chief project engineer, and sixteen other exhibits. (See Dillard Aff.) The voluminous materials, however, contain no requirement or even reference to the use of asbestos. Rather, the specifications indicate defendant was permitted to use "standard parts . . . unless they [were] determined by the contractor to be unsuitable for the purpose." (Dillard Aff., Ex. 12 at 365.)

This case thus is distinguishable from cases relied upon by defendant in which the government specified the use of asbestos. See Pack v. AC and S, Inc., 838 F. Supp. 1099, 1103 (D. Md. 1993); Blackman v. Asbestos Defendants (BHC), 1997 WL 703773, *2 (N.D.

Cal. 1999). See also Cabalic v. Owens-Corning Fiberglas Corp., 1994 WL 564724 (N.D. Cal. 1994) (remanding on ground that defendant failed to provide evidence that the specifications required the use of asbestos).

Accordingly, the Court finds defendant has failed to show that it acted under the direction of a federal officer in using asbestos in the design, manufacture, or testing of the T56 engine or that a causal nexus exists between any government specification and plaintiff's claimed injury. Consequently, defendant cannot rely on the federal officer removal statute as a basis for the Court's jurisdiction, and, accordingly, removal was not proper.

**CONCLUSION**

For the reasons stated, the Court GRANTS plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: JUN 2 3 2000

MAXINE M. CHESNEY
United States District Judge

FILED
JUN 2 0 2000
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HENRY PIPPINS,

Plaintiff,

v

ASBESTOS DEFENDANTS, et al.,

Defendants.

No. C 00-1356 WHA

**ORDER 1) GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND 2) DENYING AS MOOT PLAINTIFF'S OBJECTION TO DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION**

ENTERED IN CIVIL DOCKET 6/26/00

## INTRODUCTION

The Court cannot find on the present record that defendant Rolls-Royce, PLC, during its manufacture of jet aircraft engines for the United States Air Force and Navy, included asbestos in such engines at the direction of an Air Force or Naval officer. On that basis, the Court concludes that no subject-matter jurisdiction exists under 28 USC 1442. Accordingly, the Court GRANTS plaintiff's motion to remand the action to state court. The Court also DENIES as moot plaintiff's objection to defendant's supplemental brief.

## STATEMENT

On March 15, 2000, plaintiff Henry Pippins filed a personal injury complaint in California Superior Court. The complaint alleged, among other things, that plaintiff had been exposed to asbestos during his 36-year career as a jet engine mechanic and materials specialist.

United States District Court
For the Northern District of California

One alleged source of such asbestos was the T56 jet engine, which defendant, formerly known as Allison Engine Co. Inc., manufactured for the Air Force and Navy.

Defendant removed the action to this Court, arguing that federal-question jurisdiction existed under 28 USC 1442, the federal officer removal statute, "because the action involves a person, *i.e.*, Rolls-Royce, that acted under the authority of an officer or agency of the United States" (Notice of Removal 3:5-6). Plaintiff promptly moved for remand. In opposition to plaintiff's motion, defendant proffered evidence selected to show that "the United States Government was inextricably linked to the design and production of the T56 engine, and it unequivocally directed Allison in all such phases that form the basis of Plaintiff's claims against Rolls-Royce" (Opp. 3:15-17). According to defendant, such evidence demonstrated that:

- the Air Force and Navy maintained personnel at Allison's plant for the purpose of ensuring compliance with the government contract and specifications;
- the military specifications for the T56 were "specific, detailed and mandatory";
- the Air Force participated in the design and development of the T56, and made recommendations for design improvements; and
- no changes to the design of the T56 could be made without government design and approval.

**ANALYSIS**

In this case, removal is premised upon 28 USC 1442, an exception to the well-pleaded complaint rule. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law." *Ibid.* To create subject-matter jurisdiction under 28 USC 1442(a), the subsection here at issue, defendant must "(1) demonstrate that it acted under the direction of a federal officer, (2) raise a federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D. Cal. 1992), citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989).



United States District Court
For the Northern District of California

Application of the federal officer removal statute is not limited to cases in which the defendant demonstrates upon removal the meritoriousness of his or her alleged defense. "At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). *See also Jefferson County*, 527 U.S. at 532 (reasoning that federal officer removal statute does not require the federal officer to demonstrate "an airtight case on the merits"). As in all removal scenarios, however, "[t]he burden of establishing federal jurisdiction is on the party seeking removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Accordingly, the Court will remand the action unless defendant demonstrably has satisfied each of the three above-listed conditions.

* * *

As discussed above, defendant argues that it designed and manufactured the T56 "under the authority" of an officer of the United States. Hence, defendant concludes that it is entitled to removal. The Court disagrees, based upon defendant's failure to demonstrate that an officer of the United States directed it to perform those acts that plaintiff alleges to have harmed him.

In its briefs and at oral argument, defendant emphasized that it designed and manufactured the T56 under tight government supervision, that the engine was built to tight specifications, and that such specifications were subject to change only upon government approval. That "the relevant acts occurred under the general auspices of federal direction", however, is not enough to warrant removal. *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa. 1996), citing *Fung*, 816 F.Supp. at 572. Instead, a defendant seeking removal must demonstrate that it acted "according to the direct and detailed control of an officer of the United States." *Good*, 914 F.Supp. at 1128. With respect to products liability, that usually entails demonstrating "strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction.'" *Fung*, 816 F.Supp. at 572, quoting *Gulati v. Zuckerman*, 723 F.Supp. 353 (E.D. Pa. 1989).

Plaintiff alleges exposure to asbestos. If defendant's argument is to succeed, defendant must demonstrate a causal nexus between such exposure and acts performed by defendant

pursuant to the direction of some federal officer. This defendant cannot do. In the volume of documents submitted by defendant and describing the oversight of the United States government during the design and manufacturing of the T56, the word "asbestos" appears not once. Nor during oral argument could defendant name a single asbestos-containing part that the government directed it to incorporate into the engine. This is not a case where the government "would specify and approve the type of asbestos" integrated into the object of manufacture. *Pack v. AC and S, Inc.*, 838 F.Supp. 1099, 1103 (D. Md. 1993). Nor is it a case in which the government's "drawings and specifications required the use of asbestos materials." *Blackman v. Asbestos Defendants (BHC)*, No. C-97-3066, 1997 WL 703773, at *2 (N.D. Calif. Nov. 3, 1997). Rather, this is a case in which defendant was permitted to use "standard parts . . . unless they [were] determined by the contractor to be unsuitable for the purpose" (Dillard Decl., Exh. 12 at 365). Defendant thus was free to use whatever standard parts it believed appropriate. No causal relationship has been shown between defendant's alleged choice of asbestos and the government's actual orders to defendant. Hence, plaintiff's motion to remand should be granted.

## CONCLUSION

For the reasons stated above, plaintiff's motion is GRANTED. Furthermore, plaintiff's objection to defendant's supplemental opposition is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: June 20, 2000

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

00008

E-filing

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS PIPPINS and TOMMIE PIPPINS,

Plaintiffs,

v.

ATLAS TURNER, INC., *et al.*,

Defendants.
______________________________/

No. C 03-3006 WHA

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

**INTRODUCTION**

In this personal-injury case, defendant Northrop Grumman Corporation has failed to show that it was "acting under" a federal officer when it used asbestos materials in the design of Cougar airplanes for the United States Navy. Removal jurisdiction, therefore, is lacking under 28 U.S.C. 1442(a)(1). Plaintiffs' motion to remand the action is GRANTED.

**STATEMENT**

On September 27, 2002, plaintiffs Mr. and Mrs. Pippins filed an action in state court for personal injuries Mr. Pippins purportedly sustained from asbestos exposure while working as an aviation mechanic on F9F Cougar airplanes at a naval air station in Kansas. The airplanes were manufactured for the Navy by Grumman Aircraft Engineering Corporation, later acquired by defendant Northrop Grumman Corporation. The complaint alleges that, while servicing the aircrafts, Mr. Pippins was exposed to asbestos through the airplanes' brake linings and from asbestos tape and asbestos heat shield insulation (Dep. 92). Although companies other than defendant made all these asbestos-containing components, defendant

incorporated them into the airplanes.

Defendant removed the action under 28 U.S.C. 1442(a)(1). Defendant contends that it was acting under the government's control when it designed the Cougar aircraft. According to defendant, the government reviewed and approved defendant's design plans and drawings and its contract included detailed specifications on the design of the Cougar. Plaintiffs have now moved for remand.

**ANALYSIS**

This case involves the federal-officer removal statute, which allows removal of a state action against "any officer (or any person *acting under* that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. 1442(a)(1) (emphasis added). To show it was "acting under" a federal officer, a removing party must: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and acts it performed under color of federal office. *Fung v. Abex Corp.*, 816 F. Supp. 569, 571–72 (N.D. Cal. 1992) (citation omitted). The burden of establishing federal jurisdiction is on the party seeking removal. *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Accordingly, the action should be remanded unless defendant has satisfied each of the three conditions mentioned above.

* * *

As this Court has noted before in a similar decision involving the brother of Mr. Pippins, a mere showing that "the relevant acts occurred under the general auspices of federal direction" is not by itself enough to warrant removal. *Pippins v. Asbestos Defendants*, No. 00-1356 at 3 (N.D. Cal. Jun. 20, 2000) (citation omitted). Rather, a defendant seeking removal must demonstrate that it acted "according to the direct and detailed control" of a federal officer. *Ibid.*

Here, the only instance, at least at the initial design stage, where the Navy may have controlled the choice of Cougar parts was when it specified the Pratt & Whitney J48-P-8A engine to be incorporated. Otherwise, Northrop Grumman was free to submit whatever design it wished. Only upon acceptance by the Navy did the rest of the design become "government-specified." Mr. Pippins, however, allegedly suffered asbestos exposure not from the engine itself, but from the frequently replaced asbestos insulation shields wrapped around the engine, among other things. Hence, to establish that removal was proper

United States District Court
For the Northern District of California

defendant must demonstrate that the Navy directed it to include asbestos materials in the original design. No such showing has been made.

Defendant, and not the Navy, furnished the design data and drawings of the aircraft as part of its contracted services (Oberg Exh. 1 at 1). Defendant was responsible for purchasing its own "materials, supplies and subassemblies" and accounting thereafter for the cost of those items (DeBois Exh. 1 at 3). There is no indication that the Navy had any hand in the selection of any asbestos materials. In this respect, defendant has not even shown that the Navy's specifications (after acceptance of the Cougar design) required the use of asbestos materials. In all the documents relating to the Cougar's design, the word "asbestos" appears not once. *See Groombridge v. Asbestos Defendants*, No. 00-01654 at 3 (N.D. Cal. Jun. 23, 2000) (Chesney, J.) (remanding because the defendants failed to submit any materials which required or even referenced asbestos). Instead, defendant's evidence only shows that the Navy directed it to manufacture the Cougar aircraft, and that the Navy "routinely specified" that asbestos materials be used in its aircraft (DeBois Decl. ¶ 15). No evidence is provided that the Navy specifically required the asbestos materials in the brake linings and engine insulation. These parts needed frequent servicing, and in a manner which created the asbestos dust that Mr. Pippins inhaled.

As such, this case is distinguishable from *Fung v. Abex Corp.*, 816 F. Supp. 569, 572–73 (N.D. Cal. 1992), where the court found that the defendant company was acting under federal control when it built submarines for the Navy under extensive guidance. In *Fung*, the defendant company was employed to construct Navy submarines according to the Navy's clear specifications in Navy shipyards, where the Navy "monitored [the defendant's] performance at all times." *Id.* at 571, 573. This case, in comparison, does not involve a situation of such direct government control. Unlike the defendant in *Fung*, the record here shows that Northrop Grumman retained significant independent decision-making authority as to the design of the Cougar airplane.

Neither does *Willingham v. Morgan*, 395 U.S. 402 (1969), sustain removal here.[1] In that case, the Supreme Court held that federal prison officials had met the "causal connection" requirement for removal by showing that they "were on duty, at their place of federal employment, at all the relevant times"

[1] On September 8, 2003, defendant filed a motion for leave to file a sur-reply. The motion for leave is GRANTED. The sur-reply was duly considered.

when they allegedly abused the plaintiff prisoner in the process of designing airplanes for the Navy. *Id.* at 409. Applied here, defendant argues that it need not show that the Navy specifically ordered that asbestos materials be installed into the airplanes. Instead, defendant contends that the Navy's extensive *general* control of the Cougar's design and maintenance is enough for removal.

None of the considerations urging removal in *Willingham* urge removal here. The *Willingham* defendants were federal officers raising the defense of official immunity, and were being sued for acts done on federal property in order to enforce federal law. A main purpose of Section 1442(a)(1) is to allow federal officers to effectively enforce federal law. *Id.* at 406–07. In contrast, defendant here is a private corporation. Its alleged acts occurred on its own property and in fulfillment of a for-profit contract with the Navy. Many courts, moreover, have refused to extend *Willingham's* holding outside the law enforcement context. *See, e.g., Mesa v. California*, 489 U.S. 121, 133, 138 (1989) (refusing to allow removal where the plaintiffs were federal postal workers charged with criminal driving violations while on duty).

The removal point, then, boils down to whether a defendant is entitled to removal for an act that was not specifically ordered by the Navy, but was done in the course of fulfilling the Navy's request for airplanes. For the reasons stated, this order holds that such a generalized removal theory as used by defendant would open the floodgates. This Court construes removal jurisdiction under Section 1442(a)(1) more narrowly.

**CONCLUSION**

This order finds that defendant has not sustained its burden of showing a basis for removal. Accordingly, plaintiffs' motion to remand is GRANTED. The Clerk will return this case to the state court. Since defendant had a colorable basis for asserting that removal was proper, this order DENIES plaintiffs' request for an award of attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: September 23, 2003.

/s/ William Alsup
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

## Other Orders/Judgments

3:03-cv-03006 Pippins et al v. Atlas Turner Inc. et al

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: As of February 2003, the format of these Notices has been revised to make them more self-explanatory. Please read the entire notice before calling the Help Desk. If you have comments on the new format, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

The following transaction was received from whasec, on 9/23/2003 at 10:27 AM

**Case Name:** Pippins et al v. Atlas Turner Inc. et al
**Case Number:** 3:03-cv-03006
**Document Number:** 30

---

NOTE: In both e-filing and non-e-filing cases, e-mail notices are sent whenever docket activity occurs in a case. If there are **two** hyperlinks above, the first will lead to the docket and the second will lead to an e-filed document.
If there is **no** second hyperlink for the document, either the filing was done on paper (and should have been served on paper as well), or the entry was made by a court clerk and no document was involved.
***If there is no second hyperlink, there is no electronic document available.***
See the FAQ posting "I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink..." on the ECF home page at

---

**Docket Text:**
ORDER GRANTING PLAINTIFFS' MOTION TO REMAND re [12], [13], [27]. Signed by Judge William Alsup on 9/23/03. (kyy)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**order re remand.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=9/23/2003] [FileNumber=877316-0] [
2158e131a7cc86c8d11859d33a40d73ed14ad56b2c166bead4c3828e2bfcb24c6f3b9a

ee6163cd21ee59324281c0fb53f12b2a97c82e49b04773d2524189ee3b]]

**3:03-cv-03006 Notice will be electronically mailed to:**

David Lee Fiol dfiol@braytonlaw.com

Camille K. Fong camille_fong@mckennacuneo.com

**3:03-cv-03006 Notice will not be electronically mailed to:**

Robert E. Boone III
Bryan Cave LLP
120 Broadway
Suite 300
Santa Monica, CA 90401

David R. Donadio
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94948-6169

Lillian C. Ma
Tucker Ellis & West LLP
555 California Street
Suite 3130
San Francisco, CA 94104-1607

Lisa Oberg
McKenna Long & Aldridge L.L.P.
One Market
Spear Street Tower, 35th Floor
San Francisco, CA 94105
lisa_oberg@mckennacuneo.com, camille_fong@mckennacuneo.com;val_evans@mckennacuneo.com

0014

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

THOMAS PIPPINS,

Plaintiff,

v.

ATLAS TURNER,

Defendant.

Case Number: CV03-03006 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2003, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David R. Donadio
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94948-6169

Laura Patricia Yee
Tucker Ellis & West
555 California Street
Suite 3130
San Francisco, CA 94104

Lillian C. Ma
Tucker Ellis & West LLP
555 California Street
Suite 3130
San Francisco, CA 94104-1607

Robert E. Boone III
Bryan Cave LLP
120 Broadway
Suite 300
Santa Monica, CA 90401

Dated: September 24, 2003

Richard W. Wieking, Clerk
By: dawn toland, Deputy Clerk

PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, Novato, California 94948-6169.

On August 22, 2008 I served the attached:

**ADDENDUM IN SUPPORT PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**
**Robert Schoelzel, v. Asbestos Defendants, et al.**
**USDC C-8-03113 JSW**

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

**TO ALL PARTIES ON THE ATTACHED SERVICE LIST**

XXX BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed this **August 22, 2008** at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JANE A. EHNI

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

Date Created: 8/22/2008-4:46:28 PM
Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 105358.001 - Robert Schoelzel

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330 510-835-5117 (fax)
**Defendants:**
Berry & Berry (B&B)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA 90248-4227
310-768-3068 310-719-1019 (fax)
**Defendants:**
Ford Motor Company (FORD)
General Motors Corporation (GM)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300 415-808-0333 (fax)
**Defendants:**
Foster Wheeler LLC (FKA Foster Wheeler Corporation) (FOSTER)

**Burnham & Brown**
1901 Harrison Street
11th Floor
Oakland, CA 94612
510-444-6800 510-835-6666 (fax)
**Defendants:**
Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc. (BWMORS)

**Carroll, Burdick & McDonough**
Asbestos Case Coordinator
44 Montgomery Street, Ste. 400
San Francisco, CA 94104
415-989-5900 415-989-0932 (fax)
**Defendants:**
Warren Pumps, LLC (WARPUM)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900 415-986-8054 (fax)
**Defendants:**
Ingersoll-Rand Company (INGRSL)
Leslie Controls, Inc. (LESCON)

**Howard Rome Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715 650-364-5297 (fax)
**Defendants:**
IMO Industries, Inc. (IMOIND)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300 415-982-6700 (fax)
**Defendants:**
BW/IP International Inc. (BWIPIN)

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
55 Second Street
Suite 1700
San Francisco, CA 94105
415-882-8200 415-882-8220 (fax)
**Defendants:**
Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500 510-285-2505 (fax)
**Defendants:**
Allis-Chalmers Corporation Product Liability Trust (ALLIS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300 925-947-1594 (fax)
**Defendants:**
Steego Corporation (STGCOR)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100 415-979-0747 (fax)
**Defendants:**
Uniroyal Holding, Inc. (UNIROY)

**Law Offices of Peter C. Freeman**
16485 Laguna Canyon Road, Ste. 230
Irvine, CA 92618
949-341-0500 949-341-0505 (fax)
**Defendants:**
Barr Lumber Company, Inc. (BARRLU)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000 415-267-4198 (fax)
**Defendants:**
Certainteed Corporation (CERT)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000 415-442-1001 (fax)
**Defendants:**
Grinnell Corporation (GRINN)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000 415-344-7288 (fax)
**Defendants:**
Georgia-Pacific Corporation (GP)
Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170 213-623-3594 (fax)
**Defendants:**
Viacom, Inc. (VIACOM)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900 415-781-2635 (fax)
**Defendants:**
General Electric Company (GE)

**Sonnenschein Nath & Rosenthal, LLP**
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-5000 415-882-0300 (fax)
**Defendants:**
Rapid-American Corporation (RAPID)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400 415-617-2409 (fax)
**Defendants:**
Carrier Corporation (CARRCP)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072 415-391-6258 (fax)
**Defendants:**
Thomas Dee Engineering Co., Inc. (DEE)

PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, P.O. Box 6169, Novato, California 94948-6169.

On August 25, 2008, I served the following document(s) described as:

**APPENDIX OF CASES IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

**Robert Schoelzel v. Asbestos Defendants, et al.**
**USDC No. C08-03113 JSW**

on the interested party(ies) in this action as follows:

**TO ALL PARTIES ON THE ATTACHED SERVICE LIST**

___ BY PERSONAL MAILING: I deposited in the U.S. Mail at Novato, California, the above-described document(s), in a sealed envelope, with postage fully prepaid, addressed to the party(ies) as stated above.

XX BY OFFICE MAILING: I am readily familiar with this office's practice of collection and processing correspondence, pleadings and other matters for mailing with the United States Postal Service on that same day with postage thereon fully prepaid at Novato, California in the ordinary course of business. I placed in the outgoing office mail, the above-described document(s), in a sealed envelope, addressed to the party(ies) as stated above, for collection and processing for mailing the same day in accordance with ordinary office practices.

Executed this 25th day of August, 2008, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

Jane A. Ehni

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

Date Created: 8/25/2008-2:29:28 PM
Run By : Ehni, Jane (JAE)
Created by: LitSupport - ServiceList - Live
Matter Number: 105358.001 - Robert Schoelzel

**Berry & Berry**
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330 510-835-5117 (fax)
**Defendants:**
Berry & Berry (B&B)

**Bowman and Brooke LLP**
879 West 190th Street
Suite 700
Gardena, CA 90248-4227
310-768-3068 310-719-1019 (fax)
**Defendants:**
Ford Motor Company (FORD)
General Motors Corporation (GM)

**Brydon Hugo & Parker**
135 Main Street, 20th Floor
San Francisco, CA 94105
415-808-0300 415-808-0333 (fax)
**Defendants:**
Foster Wheeler LLC (FKA Foster Wheeler Corporation) (FOSTER)

**Burnham & Brown**
1901 Harrison Street
11th Floor
Oakland, CA 94612
510-444-6800 510-835-6666 (fax)
**Defendants:**
Borg-Warner Corporation by its Successor in Interest, BorgWarner Morse TEC Inc. (BWMORS)

**Carroll, Burdick & McDonough**
Asbestos Case Coordinator
44 Montgomery Street, Ste. 400
San Francisco, CA 94104
415-989-5900 415-989-0932 (fax)
**Defendants:**
Warren Pumps, LLC (WARPUM)

**Gordon & Rees LLP**
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
415-986-5900 415-986-8054 (fax)
**Defendants:**
Ingersoll-Rand Company (INGRSL)
Leslie Controls, Inc. (LESCON)

**Howard Rome Martin & Ridley**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715 650-364-5297 (fax)
**Defendants:**
IMO Industries, Inc. (IMOIND)

**Jackson & Wallace**
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300 415-982-6700 (fax)
**Defendants:**
BW/IP International Inc. (BWIPIN)

**Kirkpatrick & Lockhart Preston Gates Ellis LLP**
55 Second Street
Suite 1700
San Francisco, CA 94105
415-882-8200 415-882-8220 (fax)
**Defendants:**
Crane Co. (CRANCO)

**Knox Ricksen LLP**
1300 Clay Street, Suite 500
Oakland, CA 94612-1427
510-285-2500 510-285-2505 (fax)
**Defendants:**
Allis-Chalmers Corporation Product Liability Trust (ALLIS)

**Law Offices of Glaspy & Glaspy**
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
925-947-1300 925-947-1594 (fax)
**Defendants:**
Steego Corporation (STGCOR)

**Law Offices of Nancy E. Hudgins**
565 Commercial, 4th Floor
San Francisco, CA 94111
415-979-0100 415-979-0747 (fax)
**Defendants:**
Uniroyal Holding, Inc. (UNIROY)

**Law Offices of Peter C. Freeman**
16485 Laguna Canyon Road, Ste. 230
Irvine, CA 92618
949-341-0500 949-341-0505 (fax)
**Defendants:**
Barr Lumber Company, Inc. (BARRLU)

**McKenna Long & Aldridge**
101 California Street
41st Floor
San Francisco, CA 94111
415-267-4000 415-267-4198 (fax)
**Defendants:**
Certainteed Corporation (CERT)

**Morgan, Lewis & Bockius LLP**
One Market, Spear Tower
San Francisco, CA 94105
415-442-1000 415-442-1001 (fax)
**Defendants:**
Grinnell Corporation (GRINN)

**Perkins Coie LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
415-344-7000 415-344-7288 (fax)
**Defendants:**
Georgia-Pacific Corporation (GP)
Honeywell International, Inc. (HONEYW)

**Pond North, LLP**
350 South Grand Avenue, Suite 2850
Los Angeles, CA 90071
213-617-6170 213-623-3594 (fax)
**Defendants:**
Viacom, Inc. (VIACOM)

**Sedgwick, Detert, Moran & Arnold**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
415-781-7900 415-781-2635 (fax)
**Defendants:**
General Electric Company (GE)

**Sonnenschein Nath & Rosenthal, LLP**
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
415-882-5000 415-882-0300 (fax)
**Defendants:**
Rapid-American Corporation (RAPID)

**Tucker Ellis & West LLP**
135 Main Street, Suite 700
San Francisco, CA 94105
415-617-2400 415-617-2409 (fax)
**Defendants:**
Carrier Corporation (CARRCP)

**Walsworth, Franklin, Bevins & McCall**
601 Montgomery Street, 9th Floor
San Francisco, CA 94111
415-781-7072 415-391-6258 (fax)
**Defendants:**
Thomas Dee Engineering Co., Inc. (DEE)